## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-3062-M |
| | ) | |
| MICHAEL D. MOHAN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on November 18, 2005. The Court has determined that the defendant, Michael D. Mohan, must be held without bond pending trial. The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report relating to those factors. After weighing those factors and the available evidence, the Court concludes that the United States' motion for detention should be allowed.

The Court finds that the following information has been established by clear and convincing evidence that the defendant poses a danger to the community and that there is no condition or combination of conditions of release that will reasonably assure the safety of the community, and accordingly the defendant must be detained.

**Findings of Fact and Reasons Detention Required**

Based upon the credible evidence and information received during the defendant's detention hearing, the Court finds:

1.    The defendant is charged with a serious offense - conspiring to distribute five or more kilograms of a Schedule II controlled substance (cocaine) and possessing  1½  kilograms of cocaine.

2.    The weight of the evidence is strong based on information received regarding the defendant's involvement in a wiretap investigation and the seizure of 1 ½ kilograms of cocaine.

3.    The defendant has a history of criminality, including a serious conviction for possession of a controlled substance - 450 pounds of marijuana, and was on parole during part of the charged offense.

4.    The Pretrial Services Officer recommends the defendant's detention.

5.    There is a rebuttable presumption in favor of detention. The Court finds that the defendant has presented evidence rebutting the presumption but the presumption nonetheless remains.

6.    There is clear and convincing evidence that the defendant is a danger to the community and there are no conditions or combination of conditions that may be imposed which would reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

7.    The Court further finds by a preponderance of the evidence, pursuant to 18 U.S.C. § 3142(f)(2)(A), that the defendant is a risk of flight.

IT IS THEREFORE ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTERED:    November 16, 2005.           FOR THE COURT:

                                         s/ Byron G. Cudmore
                                         _____
                                         BYRON G. CUDMORE
                                         UNITED STATES MAGISTRATE JUDGE